[Cite as *State v. L.B.S.*, 2016-Ohio-3527.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 14AP-994 |
| v. | : | (C.P.C. No. 13CR07-3664) |
| [L.B.S.], | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 21, 2016

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

**On brief:** *Yeura R. Venters*, Public Defender, and *David L. Strait*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} L.B.S. ["L.S."] is appealing from his conviction for multiple sexual offenses involving a minor. He assigns two errors for our consideration:

> [1.] The judgment of the trial court was against the manifest weight of the evidence.
>
> [2.] Appellant was denied the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

{¶ 2}   K.S. told her brother, who in turn told her mother, that L.S. had been doing sexual things with and to her.   A medical examination provided no findings which supported what K.S. said.

{¶ 3}   Charges were filed and L.S. was arrested.  He told police that what K.S. was saying was true.  L.S. also called his daughter and left a message in which he apologized about what he had done to K.S.

{¶ 4}   As a result, L.S. was indicted on four counts of rape and one count of gross sexual imposition.  A trial ensued and a jury found L.S. guilty of all five charges.

{¶ 5}   The first assignment of error alleges that the convictions were against the manifest weight of the evidence.

{¶ 6}   Sufficiency of the evidence is the legal standard applied to determine whether the case should have gone to the jury.  *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).   In other words, sufficiency tests the adequacy of the evidence and asks whether the evidence introduced at trial is legally sufficient as a matter of law to support a verdict.  *Id.*  "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979).  The verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier of fact.  *Jenks* at 273.  If the court determines that the evidence is insufficient as a matter of law, a judgment of acquittal must be entered for the defendant.  *See Thompkins* at 387.

{¶ 7}   Even though supported by sufficient evidence, a conviction may still be reversed as being against the manifest weight of the evidence.  *Thompkins* at 387.  In so doing, the court of appeals, sits as a " 'thirteenth juror' " and, after " 'reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' "  *Id.* (quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983)); *see also Columbus v. Henry*, 105 Ohio App.3d 545, 547-48 (10th Dist.1995).  Reversing a conviction as being against the manifest weight of the evidence

should be reserved for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins* at 387.

{¶ 8}   As this court has previously stated, "[w]hile the jury may take note of the inconsistencies and resolve or discount them accordingly, *see* [*State v.*] *DeHass* [10 Ohio St.2d 230 (1967)], such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence." *State v. Nivens*, 10th Dist. No. 95APA09-1236 (May 28, 1996).   It was within the province of the jury to make the credibility decisions in this case.  *See State v. Lakes* 120 Ohio App. 213, 217 (4th Dist.1964) ("It is the province of the jury to determine where the truth probably lies from conflicting statements, not only of different witnesses but by the same witness.").   *See State v. Harris*, 73 Ohio App.3d 57, 63 (10th Dist.1991), (even though there was reason to doubt the credibility of the prosecution's chief witness, he was not so unbelievable as to render verdict against the manifest weight).

{¶ 9}   At the trial, L.S. claimed that he had not sexually abused K.S. and that he had lied when he told police he had engaged in sexual conduct with the child.  He claimed that he was confused when he called and left the voice message apologizing to his daughter.  At the trial, a forensic psychologist testified about implanted memories.  The psychologist viewed K.S. as having an implanted memory, not a memory based upon real events.  The psychologist viewed L.S.'s confession as a product of improper interrogation techniques by police.

{¶ 10} At trial, character witnesses were called to testify that sexually abusing a young child was out of character with the man they knew and know.

{¶ 11} Circumstantial evidence supported some of the child's claims.  K.S. showed signs of abrasion in her genital area on at least one occasion when she had been with L.S. On another occasion, L.S. had locked himself in his bedroom with K.S.

{¶ 12} We cannot say that the convictions, which were based upon the child's claims and the confessions of L.S. were against the manifest weight of the evidence.  The jury did not lose its way in believing what L.S. confessed to doing.

{¶ 13} The first assignment of error is overruled.

{¶ 14} The second assignment of error alleges that trial counsel for L.S. rendered ineffective assistance of counsel for purposes of the Sixth Amendment to the U.S. Constitution. We cannot find that trial counsel's performance was in any way deficient.

{¶ 15} Defense counsel was presented with a case in which a young child was claiming repeated instances of sexual abuse. Counsel's client had confessed to abusing the child and had even left a recorded message apologizing for abusing the child.

{¶ 16} Counsel found an expert who would claim that the child was not relating actual events in vivid detail, but was reciting things the child had been told.

{¶ 17} Counsel found character witnesses for his client.

{¶ 18} Counsel was even able to assist his client when L.S. denied the charges and the validity of his own confessions under oath.

{¶ 19} Appellate counsel for L.S. argues briefly that testimony about interviews of K.S. conducted at Nationwide Children's Hospital should not have been admitted into evidence and that trial counsel should have objected when the content of the interview was presented for evidentiary consideration. Unfortunately for appellate counsel, this appellate court has repeatedly affirmed the admission of such interviews into evidence. Trial counsel had no illusions that an objection in the trial court would have had any prospect of success.

{¶ 20} The key case in evaluating the issues of ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). Applying the standards set forth in *Strickland*, there is no basis for finding that trial counsel rendered ineffective assistance of counsel.

{¶ 21} The second assignment of error is overruled.

{¶ 22} Both assignments of error having been overruled, the judgment of the trial court is affirmed.

*Judgment affirmed.*

LUPER SCHUSTER and BRUNNER, JJ., concur.

————————